**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ] |
| | ] |
| Plaintiff | ] |
| | ] |
| v. | ] Civil No. 07-cv-01332 (RMC) |
| | ] |
| ALL PROPERTY IN/UNDERLYING | ] |
| E-GOLD ACCOUNT NUMBER: | ] |
| 3398013, | ] |
| | ] |
| Defendant | ] |

**ANSWER OF FSI SRL**

Now comes FSI SRL, an Italian corporation, by its undersigned counsel, and for Answer to the Verified Complaint filed by Plaintiff United States of America herein, states:

**FIRST DEFENSE**

This honorable Court lacks <u>in rem</u> jurisdiction over the <u>res</u> in question.

**SECOND DEFENSE**

Upon information and belief, the arrest warrant <u>in rem</u> herein was insufficient to constitute process as to the <u>res</u> in question.

**THIRD DEFENSE**

The Complaint, and each Count thereof, fails to state a claim against this Claimant, or against the <u>res</u> in question (the Defendant account), upon which relief can be granted.

**FOURTH DEFENSE**

Claimant answers the specific averments of the Complaint as follows:

1.  Paragraphs 1 through 3 of the Complaint are recitals of law, not averments of fact,

and hence no admission or denial is required.  To the extent these Paragraphs may contain factual averments, any and all such averments are denied.

2.     Claimant FSI SRL admits it is the entity opening and directing the e-gold account related to this forfeiture matter, consisting of all property, accounted for as an amount of "e-gold" in, or underlying, e-gold account 3398013 between April 26, 2007 and May 4, 2007, now reflected in U.S. Dollars, and upon information and belief, Claimant is so recorded in the business records of the entity the Complaint refers to as "the E-GOLD operation".  Any and all other averments in Paragraph 4 of the Complaint are denied.

3.     Claimant is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 5 of the Complaint.

4.     Upon information and belief, the averments in Paragraph 6 of the Complaint regarding the post-conversion value of the subject res in U.S. currency are approximately correct.  However, Claimant reserves the right to challenge Plaintiff's accounting as more information becomes available, and therefore, all other averments in Paragraph 6 of the Complaint are denied.

5.     Claimant is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraphs 7 through 23 of the Complaint.

6.     The averments in Paragraphs 24 through 25 of the Complaint are denied.  In particular, the referenced Affidavit makes no mention whatsoever of the subject account numbered 3398013 in connection with any of the allegedly unlawful activity set forth therein.

7.     Paragraphs 26 through 28 of the Complaint are recitals of law, not averments of fact, and hence no admission or denial is required.  To the extent these Paragraphs may contain

factual averments, any and all such averments are denied.

8. Claimant is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraphs 29 through 30 of the Complaint.

## COUNT I

9. In response to Paragraph 31 of the Complaint, Claimant's responses to Paragraphs 1-30 of the Complaint herein are incorporated by reference.

10. The averments in Paragraphs 32 through 33 of the Complaint are denied.

## COUNT II

11. In response to Paragraph 34 of the Complaint, Claimant's responses to Paragraphs 1-30 of the Complaint herein are incorporated by reference.

12. The averments in Paragraphs 35 through 36 of the Complaint are denied.

## COUNT III

13. In response to Paragraph 37 of the Complaint, Claimant's responses to Paragraphs 1-30 of the Complaint herein are incorporated by reference.

14. The averments in Paragraphs 38 through 39 of the Complaint are denied.

## COUNT IV

15. In response to Paragraph 40 of the Complaint, Claimant's responses to Paragraphs 1-30 of the Complaint herein are incorporated by reference.

16. The averments in Paragraph 41 of the Complaint are denied.

WHEREFORE, Claimant FSI SRL prays that this honorable Court order: that the process of warrant which was issued for the arrest of the defendant property as described above be

quashed; that the defendant property herein be adjudged not related to any money laundering or other unlawful activity as alleged in the Complaint; that the forfeiture action against the defendant property be terminated by a decree that the said property is not subject to forfeiture; that the defendant property, or its equivalent value in United States currency, be released by the United States Treasury and returned to its rightful owner, Claimant FSI SRL, in custody of Claimaint's undersigned attorney; that the defendant property otherwise be disposed of according to due process of law with regard to Claimant's legitimate interest therein; and for such further and additional relief as may be in the interest of justice.

        Respectfully submitted,

_____/s/_____
W. Michael Jacobs, Esquire
    D.C. Unified Bar No. 433683

**LAW OFFICE OF W. MICHAEL JACOBS**
30 Corporate Center, Suite 300
10440 Little Patuxent Parkway
Columbia, Maryland  21044
410-740-5685

Attorney for Claimant FSI SRL